**UNITED STATES of America,**

v.

**William A. KOSTRICK, Appellant.**

No. 02–1410.

United States Court of Appeals, Third Circuit.

Submitted Sept. 9, 2002.

Decided Oct. 3, 2002.

---

**3.** *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Before SLOVITER, RENDELL, and FUENTES, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Appellant, William Kostrick, appeals from an order of the District Court, entered on January 31, 2002, denying his motion, made pursuant to old Rule 35 of the Federal Rules of Criminal Procedure, for a reversal of his conviction, or, in the alternative, for a reduction of his sentence. We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's denial of a motion under Rule 35 is plenary. *United States v. Woods*, 986 F.2d 669, 673 (3d Cir.), *cert. denied*, 510 U.S. 826, 114 S.Ct. 90, 126 L.Ed.2d 58 (1993).

On August 17, 1988, a jury found Kostrick guilty of one count of conspiracy to distribute cocaine, one count of a continuing criminal enterprise (CCE) to distribute cocaine, seven counts of possession of cocaine with the intent to distribute, and six counts of tax-related offenses. The District Court sentenced Kostrick to serve a merged 30–year term of imprisonment on the conspiracy and CCE counts (Counts 1 and 3, respectively), and a 30–year sentence on one of the drug distribution counts (Count 82). Sentencing on the remaining drug and tax offenses was suspended. On appeal, we affirmed his conviction. *United States v. Rosa*, 891 F.2d 1063 (3d Cir.1989).

On March 16, 1995, Kostrick filed a petition pursuant to 28 U.S.C. § 2255 asking that his sentence be vacated, set aside or corrected. The District Court found that Kostrick should be resentenced on Counts 1 and 3, but denied resentencing on Count 82. In an unpublished opinion, we remanded the case to the District Court, ordering the District Court to vacate either the conspiracy or the CCE conviction and to resentence Kostrick. The District Court subsequently vacated Kostrick's conviction on Count 1 and resentenced him to 121 months imprisonment on Count 3. The sentence on Count 82 remained 30 years without parole.

On October 12, 2000, Kostrick filed the motion that is before us pursuant to the version of Rule 35 of the Federal Rules of Criminal Procedure in effect at the time of the events giving rise to his conviction. Rule 35 then provided, in pertinent part, that the court "may correct an illegal sentence at any time" or reduce a sentence within a certain time period. FED. R.CRIM. P. § 35 (1986). In the motion, Kostrick alleged that, because the sentence he received contravenes the Supreme Court's decision in *Apprendi v. New Jersey*, 530

U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his sentence on Count 82 is "illegal" under Rule 35.

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* 530 U.S. at 490, 120 S.Ct. at 2368. Kostrick argues that his sentence was "illegal" because the government, in violation of the rule of *Apprendi*, was not required to prove each element of the offense beyond a reasonable doubt. Specifically, he makes two arguments. First, he argues that the government had to prove beyond a reasonable doubt that the offense charged in Count 82 involved five kilograms of cocaine or more, and that, without such a finding, the maximum sentence of imprisonment that could be imposed was twenty years. Next, he argues that the government also had to prove beyond a reasonable doubt that the offense occurred on November 26, 1986, and that, without such a finding, he should be eligible for parole.

 Discernibly, both of Kostrick's arguments address the constitutionality of his sentence under *Apprendi*. A motion made pursuant to old Rule 35, however, is not the appropriate vehicle for this type of challenge. A challenge to the constitutionality of a sentence is more properly asserted in a petition for habeas corpus relief. *See* 28 U.S.C. § 2255. Clearly, Kostrick, having previously filed a habeas petition, should be seeking permission to file a second successive motion. By pursuing relief under Rule 35, he is attempting to avoid the requirements for filing a second petition as set forth in 28 U.S.C. § 2255. Were he to seek permission to file a second successive petition based on *Apprendi*, Kostrick would be barred because *Appren-*

*di* has not been "made retroactive to cases on collateral review by the Supreme Court," *In re Turner*, 267 F.3d 225, 227 (3d Cir.2001) (quoting 28 U.S.C. § 2255). Thus, even if we were to construe his motion as a motion to be permitted to file a second successive petition, the result would be the same.

Accordingly, we will affirm the order of the District Court denying Kostrick's motion for relief made pursuant to old Rule 35 of the Federal Rules of Criminal Procedure.